Fernando Novelo Nostratis
01909-093
FCI-SHERIDAN
P.O. Box 5000
Sheridan, Oregon  97378-5000

FILED
DISTRICT COURT OF GUAM
APR 06 2004
MARY L. M. MORAN
CLERK OF COURT

UNITED STATES DISTRICT COURT
DISTRICT OF THE TERRITORY OF GUAM

| | |
|---|---|
| FERNANDO NOVELO NOSTRATIS, ) <br> ) <br> Petitioner, ) <br> ) <br> -Vs- ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) <br> ) | Case No. CV-04-00014 <br> (99-00100-001) <br><br> AMENDMENT TO <br> MOTION TO VACATE, SET ASIDE, <br> OR CORRECT SENTENCE <br> 28 U.S.C. 2255, Rule 12, and, <br> Federal Rule Civil Procedure 15 |

      COMES NOW, Fernando Novelo Nostratis, hereinafter referred to as "Petitioner," and pursuant to Rule 12 of the rules governing habeas corpus motions made under 28 U.S.C. Section 2255, and F.R.Civ.P, Rule 15, allowing amendment of pleadings, hereby timely amends his Section 2255 habeas corpus motion in the captioned civil case by adding the following "Ground Five."

## Ground Five

The foregoing Sections I, II, and Ground Two are fully incorporated herein by this reference.

In accordance with United States v. Cabaccang, 332 F.3d 622 (9th Cir. 2003), Petitioners conviction as to Count 1, conspiracy to import methamphetamine, 21 U.S.C. Sections 952(a), 960 and 963, is in violation of the Constitution for the United States and the laws of the United States; the underlying plea agreement is void in its entirety; and Petitioners guilty pleas to Counts One and Three are void in that the guilty pleas were not knowing, intelligent or voluntary.

In United States v. Cabaccang, 332 F.3d 622 (9th Cir. 2003), the Circuit Court held that transport of drugs on a nonstop flight from California to Guam does not constitute importation within the purview and meaning of 21 U.S.C. Section 952(a).

As set forth in Ground Two, Petitioner asserts that he is factually innocent of the offenses charged in the underlying criminal indictment in its entirety, and specifically denies any involvement with the illicit drugs in this case. As such, this Ground Five is not to be construed, deemed or otherwise inferred in any way by any party to be Petitioners confession, stipulation or acquiescence to any of the offenses charged in the first and/or superseding indictment.

The circumstances in Cabaccang, supra, are virtually identical to the circumstances in this case. Respondent has, as a matter of record, alleged that the transportation of the drugs in question originated in California, mainland U.S.A.. This fact alone demonstrates that the conviction as to Count One is in violation of the Constitution for the United States and the laws of the United States, and further testifies to Petitioner's factual

innocence of the offense charged in Count One, thus rendering the judgment of conviction as to Count One invalid and of no force or effect.

Petitioner was not properly informed of the nature and cause of the charges to which he reluctantly plead guilty to. As such, Petitioner's pleas of guilty to Counts One and Three were not knowingly, intelligently or voluntarily made. Furthermore, the plea agreement was forwarded by Respondent under false pretenses, and pursuant to the laws governing contracts, Respondents fraud vitiates the plea agreement contract in its entirety.

That being said, and without being construed as conceding any other argument Petitioner presents in this Section 2255 proceeding, Petitioner respectfully asserts that the Court should dismiss Count One with prejudice; set aside the plea agreement in its entirety; and declare Petitioners guilty plea as to Count Three to be void; and grant Petitioner any other relief the Court deems just and reasonable.

Respectfully submitted this 30th day of March, 2004.

*[signature]*
Fernando Novelo Nostratis

///

///

///

///

///

Page 3, AMENDMENT TO MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE, Sect. 2255 Rule 12, F.R.Civ.P., Rule 15